IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA,

    Plaintiff,                    No. CIV S-04-0903 LKK CMK P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,
    Defendants.              ORDER

         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 23, 2004, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2).

///

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. See Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court dismissed plaintiff's previous complaint for his failure to allege that the defendants' were deliberately indifferent to his serious medical needs. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The plaintiff is reminded that deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. See Hutchinson v. United States, 838 F.2d 390, 393-394 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere "indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter laboratories, 622 F.2d 458, 460 (9th Cir. 1980). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires

more than ordinary lack of due care for the prisoner's interest or safety." Farmer, 511 U.S. at 835.

Delays in providing medical care may manifest deliberate indifference. See Estelle v. Gamble, 429 U.S.97, 104-105 (1976). To establish a claim of deliberate indifference arising from delay, a plaintiff must allege that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (per curiam); McGuckin v. Smith, 974 F.2d. 1050, 1059 (9th Cir.1991); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapely v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Here, the plaintiff did not make any such allegations.

Further, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1334 (9th Cir. 1981).

In addition, plaintiff has named the California Department of Corrections (CDC) and the California Medical Facility (CMF), state agencies, as defendants in this action. Plaintiff should be aware that the Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. See Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

1  1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

2  violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

3  In addition, plaintiff is informed that the court cannot refer to a prior pleading in

4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5  amended complaint be complete in itself without reference to any prior pleading.  This is

6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

9  original complaint, each claim and the involvement of each defendant must be sufficiently

10 alleged.  The plaintiff's amended complaint shall be no longer than 20 pages.

11 In accordance with the above, IT IS HEREBY ORDERED that:

12 1.  Plaintiff's amended complaint is dismissed; and

13 2.  Plaintiff is granted thirty days from the date of service of this order to file a

14 second amended complaint that complies with the requirements of the Civil Rights Act, the

15 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended

16 complaint must bear the docket number assigned this case and must be labeled "Second

17 Amended Complaint"; plaintiff must file an original and two copies of the second amended

18 complaint; failure to file a second amended complaint in accordance with this order will result in

19 a recommendation that this action be dismissed.

21 DATED:  September 6, 2005.

23 _____
   **CRAIG M. KELLISON**
24 UNITED STATES MAGISTRATE JUDGE