IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA,                                    No. CIV S-04-0903-LKK-CMK-P

      Plaintiff,

  vs.                                          ORDER

ANDREASEN, et al.,

      Defendants.

_____/

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's second amended complaint (Doc. 8), filed on October 13, 2005. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).

Plaintiff names the following as defendants: Dr. Sawkar; Dr. Andreasen; Dr. Bick; Gutierrez; Sullwold; Enriquez; and Grannis.[1] Plaintiff claims that, in July 1999, he

---

[1] Plaintiff's prior complaints in this action also named the California Department of Corrections. In its orders of December 23, 2004, and September 7, 2005, the court advised plaintiff that the California Department of Corrections enjoys absolute immunity under the Eleventh Amendment. The current second amended complaint does not name the California Department of Corrections which, accordingly, is not a party to this action. The Clerk of the Court will be directed to update the docket to reflect that the California Department of Corrections is not a party to this action.

1

underwent surgery to place a shunt in his chest. Plaintiff asserts that a piece of this shunt broke off and lodged in or near plaintiff's heart. Plaintiff states that a medical doctor attempted unsuccessfully to remove the broken piece from plaintiff's body. Plaintiff was then placed under the care of a specialist from the University of California, San Francisco. Plaintiff claims that this specialist prescribed a specific course of treatment and that defendants interfered with this treatment for budgetary reasons.

In particular, plaintiff asserts that defendant Andreasen informed him that he would not be following the specialist's prescribed course of treatment, which included additional surgery to remove the broken shunt. Plaintiff states that, after presenting an inmate grievance concerning the issue, defendant Bick also refused to follow the specialist's recommendations. Plaintiff alleges that the remaining defendants also "acquiesced" in the above-described interference with the specialist's course of treatment. Plaintiff states that it has been over six years since the specialist recommended additional surgery and that he still had not had the broken shunt piece removed.

Plaintiff requests that the court exercise supplemental jurisdiction over related state law tort claims.[2] Plaintiff seeks declaratory relief and monetary damages.

The second amended complaint appears to state a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action. The court, therefore, finds that service is appropriate and will direct service by the U.S. Marshal without pre-payment of costs. Plaintiff is informed, however, that this action cannot proceed further until plaintiff complies with this order. Plaintiff is warned that failure to comply with this order may result in dismissal of the action. See Local Rule 11-110.

---

[2] The second amended complaint appears to allege state law tort claims under the California Tort Claims Act as well as common law theories of negligence and intentional infliction of emotional distress.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to update the court's docket to reflect that the California Department of Corrections is not a party to this action;

2. Service is appropriate for the following defendant(s):

>ANDREASEN
>
>BICK
>
>SAWKAR
>
>ENRIQUEZ
>
>SULLWOLD
>
>GUTIERREZ
>
>GRANNIS

3. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the second amended complaint filed October 13, 2005; and

4. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

>a. The completed Notice of Submission of Documents;
>
>b. One completed summons;
>
>c. Seven completed USM-285 form(s); and
>
>d. Eight copies of the endorsed second amended complaint filed October 13, 2005.

DATED: November 2, 2005.

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8       **IN THE UNITED STATES DISTRICT COURT**
        **FOR THE EASTERN DISTRICT OF CALIFORNIA**

9   MANUEL AYALA,                         No. CIV S-04-0903-LKK-CMK-P
                Plaintiff,
10       vs.
    ANDREASEN, et al.,
11              Defendants.

12   _____/
                 NOTICE OF SUBMISSION OF DOCUMENTS
13       Plaintiff hereby submits the following documents in compliance with the court's
    order:
14       __1__      completed summons form;
                    completed USM-285 form(); and
15       _____      copies of the second amended complaint filed on October 13,
                    2005.
16
    DATED: _____          _____
17                                           Plaintiff

18
19
20
21
22
23
24
25
26

4