IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL AYALA,                                    No. CIV S-04-0903-RRB-CMK-P

      Plaintiff,

  vs.                                                              ORDER

ANDREASEN, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      On November 3, 2005, the court issued an order determining that service of plaintiff's second amended complaint was appropriate for defendants Dr. Sawkar, Dr. Andreasen, Dr. Bick, Gutierrez, Sullwold, Enriquez, and Grannis.  Incident to that order, plaintiff submitted documents necessary for service of the action by the U.S. Marshal, except a completed summons.  On December 7, 2005, the court forwarded plaintiff a blank summons form and directed him to return it, completed, within 30 days.  Plaintiff has not complied.  Instead, on January 9, 2006, plaintiff filed a request for leave to file a third amended complaint, along with a proposed amended pleading.  On February 22, 2006, the court issued an order

denying plaintiff's motion for leave to amend as unnecessary.

On June 6, 2006, plaintiff filed a second motion for leave to supplement the third amended complaint with respect to allegations against one of the defendants named in the third amended complaint. Attached to plaintiff's motion is a proposed fourth amended complaint. The court has reviewed the proposed amended pleading and finds that allowing the amendment is appropriate. Specifically, plaintiff does not add any new defendants or claims.[1] Rather, he seeks to augment his existing factual allegations. The Clerk of the Court will be directed to detach the amended complaint attached to plaintiff's June 6, 2006, filing and to file it separately, as of this same date, as plaintiff's fourth amended complaint which is the operative pleading in this case.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Plaintiff claims that, in July 1999, he underwent surgery to place a shunt in his chest. Plaintiff asserts that a piece of this shunt broke off and lodged in or near plaintiff's heart. Plaintiff states that a medical doctor attempted unsuccessfully to remove the broken piece from plaintiff's body. Plaintiff was then placed under the care of a specialist from the University of California, San Francisco. Plaintiff claims that this specialist prescribed a specific course of treatment and that defendants interfered with this treatment for budgetary reasons.

In particular, plaintiff asserts that defendant Andreasen informed him that he would not be following the specialist's prescribed course of treatment, which included additional surgery to remove the broken shunt. Plaintiff states that, after presenting an inmate grievance concerning the issue, defendant Bick also refused to follow the specialist's recommendations. Plaintiff alleges that the remaining defendants also "acquiesced" in the above-described

---

[1] Plaintiff seeks to supplement his allegations concerning defendant Klingman. While this defendant is not listed on the court's docket as a party to this action, he was listed as a defendant in the third amended complaint filed on January 9, 2006, and, therefore, is a party to this action.

1 interference with the specialist's course of treatment.  Plaintiff states that it has been over six
2 years since the specialist recommended additional surgery and that he still had not had the
3 broken shunt piece removed.
4        Plaintiff requests that the court exercise supplemental jurisdiction over related
5 state law tort claims.   Plaintiff seeks declaratory relief and monetary damages.
6        The fourth amended complaint appears to state a cognizable claim for relief
7 pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations are proven, plaintiff
8 has a reasonable opportunity to prevail on the merits of this action.  The court, therefore, finds
9 that service is appropriate and will direct service by the U.S. Marshal without pre-payment of
10 costs.  Plaintiff is informed, however, that this action cannot proceed further until plaintiff
11 complies with this order.  Plaintiff is warned that failure to comply with this order may result in
12 dismissal of the action.  See Local Rule 11-110.
13        Accordingly, IT IS HEREBY ORDERED that:
14        1.   Plaintiff's motion to amend the complaint (Doc. 18) is granted;
15        2.   The Clerk of the Court is directed to separate file, as of June 6, 2006, the
16 proposed fourth amended complaint attached to plaintiff's motion to amend;
17        3.   The Clerk of the Court is further directed to update the docket to reflect
18 that Klingman is a defendant to this action;
19        4.   Service is appropriate for the following defendant(s):
20             ANDREASEN,
21             BICK,
22             SAWKAR,
23             ENRIQUEZ,
24             SULLWOLD,
25             GUTIERREZ,
26             GRANNIS, and

3

KLINGMAN;

5. The Clerk of the Court shall send plaintiff one USM-285 form for each defendant identified above, one summons, an instruction sheet, and a copy of the fourth amended complaint filed June 6, 2006; and

6. Within 30 days of the date of service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. Eight completed USM-285 form(s); and

    d. Eight copies of the endorsed fourth amended complaint filed June 6, 2006.

DATED: September 5, 2006.

*[signature]*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL AYALA,<br>        Plaintiff,<br>    vs.<br>ANDREASEN, et al.,<br>        Defendants.<br>_____/ | No. CIV S-04-0903-RRB-CMK-P |

NOTICE OF SUBMISSION OF DOCUMENTS

Plaintiff hereby submits the following documents in compliance with the court's order:

  __1__  completed summons form;
  ____  completed USM-285 forms; and
  ____  copies of the fourth amended complaint filed on June 6, 2006.

DATED: _____       _____
                         Plaintiff