IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL AYALA, | No. CIV S-04-0903-RRB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ANDREASEN, et al., | |
| Defendants. | |
| _____ / | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is defendant Klingman's motion to dismiss (Doc. 32).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

## I. BACKGROUND[1]

Plaintiff alleges that he underwent surgery in July 1999 at the California Medical Facility, a state prison, to place a dialysis catheter in his chest and heart area. That surgery was performed by a physician employed by the prison, Dr. Sanker. On October 1, 1999, and October 6, 1999, Dr. Leoni – also a prison physician – unsuccessfully attempted surgically to remove the catheter. After these attempts, Dr. Leoni recommended that plaintiff be treated by a thoracic surgeon at Queen of the Valley Hospital in Napa, California. This referral was approved by Dr. Andreason, a supervising prison physician. Plaintiff was transported to Queen of the Valley Hospital on November 22, 1999, where defendant Klingman performed the catheter removal surgery. Plaintiff alleges that defendant Klingman was employed with the state prison "by contract."

Plaintiff claims that defendant Klingman broke off a piece of the catheter and left another portion in his body, resulting in injury. As to the November 22, 1999, surgery, plaintiff alleges:

> . . . A third surgery attempt at extracting the catheter from plaintiff's chest (heart area) on Nov. 22, 1999, proved unsuccessful, damaging, and life threatening due to [defendant Klingman] breaking the catheter and leaving a sizeable piece of it inside of plaintiff . . . .

Plaintiff adds:

> On Nov. 22, 1999, Dr. Klingman performed surgery on plaintiff to remove the catheter from his chest . . . . Dr. Klingman was not able to pull (extract) the catheter as easily as he may have assumed. When Dr. Klingman pulled on the catheter . . . the catheter broke below the cuff. Dr. Klingman . . . stopped the surgery process.

Plaintiff characterizes defendant Klingman's performance as a "blunder" and alleges that he attempted to cover it up by not reporting the broken catheter in the surgery report.

---

[1] The court focuses on those allegations relating to defendant Klingman, the only moving defendant. Other defendants, who are prison officials, have filed an answer to the complaint.

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In considering a motion to dismiss under this standard, the court must accept all allegations of material fact as true and must construe them in the light most favorable to the plaintiff.  See Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

To determine whether a complaint states a claim upon which relief can be granted, the court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily lies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994), except prison regulations, see Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).

Under these standards, a statute of limitations defense may be raised in a motion to dismiss.  Finally, leave to amend a deficient complaint must be granted ". . . [u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th

Cir. 2000) (en banc).

### III.  DISCUSSION

Defendant Klingman argues that the facts alleged in the complaint fail to establish that he acted under color of law.  Specifically, defendant Klingman asserts that the complaint alleges only that he performed an unsuccessful catheter removal surgery on November 22, 1999, and that, during the surgery, defendant Klingman broke off a piece of the catheter and left another portion behind causing plaintiff injury.  Defendant Klingman notes that plaintiff does not allege that he was an employee of the State of California or any state agency or department.  He concludes that, because he is a private physician, plaintiff cannot allege any facts to establish that he was acting under color of state law.

While defendant Klingman cites to West v. Atkins, 487 U.S. 42 (1988), for the general statement of the elements of a claim under § 1983, he does not cite any authority supporting his sweeping conclusion that a private physician does not act under color of state law. In West, the Supreme Court held that a private physician who contracts with a state prison to provide medical services to inmates does in fact act under color of state law for purposes of § 1983.  See id. at 53-54.  The Court stated that the dispositive issue in determining whether a private physician acts under color of state law when treating a prisoner is ". . . the relationship between the physician, the State, and the prisoner. . ." Id. at 56.  Further, the amount of time the physician spends performing the contracted service for the prison is not relevant.  See id. at 56-57.  It is also not relevant that the physician may be employed by others.  See id.  The ultimate question is whether the physician has been clothed in the authority of the state.  See id. at 49. "In such circumstances, the defendant's alleged infringement of the plaintiff's federal rights is 'fairly attributable to the State.'"  Id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

/ / /

Accepting plaintiff's allegations as true, as the court must in the context of defendant Klingman's motion to dismiss, the complaint establishes:

1. Defendant Klingman was employed as a private physician by Queen of the Valley Hospital in Napa, California;

2. The state prison housing plaintiff contracted with Queen of the Valley Hospital for outside medical services for prisoners;

3. Pursuant to this contract and a referral approved by prison medical officials, plaintiff was transported to Queen of the Valley Hospital for removal of a dialysis catheter placed in his chest;

4. Defendant Klingman performed the catheter removal surgery on November 22, 1999;

5. During the surgery, the catheter broke and a portion of the catheter was left behind inside plaintiff's body; and

6. Defendant Klingman did not note the incident in his surgery report.

The court does not agree with defendant Klingman that these facts do not establish the necessary element under § 1983 that he was acting under color of state law. His employer – Queen of the Valley Hospital – was under a contract with state prison authorities for inmate referrals. As an agent of the hospital, defendant Klingman performed the catheter removal surgery pursuant to that contract and a referral approved by state prison officials. There is nothing to meaningfully distinguish these facts from West, where a private physician performed medical services under a contract to do so. It does not make any difference that the physician in West performed the services at the prison whereas plaintiff was treated at an outside facility. What matters is that defendant Klingman performed medical services on an inmate and that he did so pursuant to a contract between the state prison system and his employer, Queen of the Valley Hospital. The court, therefore, finds that the factual allegations in the complaint are sufficient to establish that defendant Klingman acted under color of state law.

/ / /

/ / /

/ / /

1    Defendant Klingman also argues that the complaint does not establish that his
2 conduct violated plaintiff's constitutional rights.  The court finds this argument more persuasive.
3 It is clear from the complaint that plaintiff's claim against defendant Klingman derives from
4 November 22, 1999, surgery.  Specifically, plaintiff claims that defendant Klingman committed a
5 "blunder" by breaking the catheter and leaving a piece inside his body.  Plaintiff does not,
6 however, allege that defendant Klingman did so intentionally.  Rather, the gravamen of
7 plaintiff's claim against defendant Klingman is that he was negligent in performing the catheter
8 removal procedure.  Negligence in diagnosing or treating a medical condition does not, however,
9 give rise to a claim under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 106
10 (1976).

11    Finally, as another basis for dismissal, defendant Klingman argues that various
12 state statutes of limitations bar suit.  Because, as discussed above, the court concludes that the
13 complaint does not state a substantive claim for relief, it is not necessary to decide whether the
14 claim against defendant Klingman is barred by any statute of limitations.

### IV.  CONCLUSION

17    Because it does not appear possible that the deficiencies identified herein can be
18 cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of
19 the action as against defendant Klingman.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th
20 Cir. 2000) (en banc).

21    Based on the foregoing, the undersigned recommends that:
22    1.    Defendant Klingman's motion to dismiss (Doc. 32) be granted; and
23    2.    This action be dismissed as against defendant Klingman only.
24    These findings and recommendations are submitted to the United States District
25 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
26 after being served with these findings and recommendations, any party may file written

objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 9, 2007.

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE